**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**Case No. 5:25-cv-00087-BJB-LLK**

SHELTER MUTUAL INSURANCE                                    PLAINTIFF
COMPANY,

v.

COURTNEY AMACHER, *et al*,                                  DEFENDANTS

### REPORT AND RECOMMENDATION

This matter has been referred to Magistrate Judge Lanny King pursuant to 28 U.S.C. § 636(b)(1) (B) to conduct any hearings and prepare a report and recommendation. Referral Order [DN 15]. Before the Court are Motions to Intervene by the Estate of Harrison Cole Purcell and Chelsea Purcell. Motions [DNs 12, 13]. Plaintiff Shelter Mutual Insurance Company filed a Response, [DN 14], and the time for movants to reply has expired. For the reasons that follow, the undersigned Magistrate Judge respectfully **RECOMMENDS** that the Motions, [DNs 12, 13], be **DENIED**.

This case involves a declaratory judgment action brought by Plaintiff Shelter Mutual Insurance Company, asking the court to find that it has no duty to defend or indemnify Courtney Amacher or Nathaniel Purcell in connection with an action filed in state court. Complaint [DN 1] at 1. In a Motion consisting of two sentences, Movants state, in relevant part, that "[a]s grounds for his motion, Ms. Purcell states that her and the Estate of Harrison Cole Purcell are an aggrieved party and should be allowed to participate in the court proceedings." [DN 13]. The other Motion, [DN 12], is only a proposed order and contains no additional information.

Under the Federal Rules of Civil Procedure, certain parties are entitled to intervene in a lawsuit as a matter of right. Fed. R. Civ. P. 24. A party seeking intervention of right under Rule 24(a)(2) must demonstrate four elements: "1) timeliness of the application to intervene; 2) the applicant's substantial legal interest in the case; 3) impairment of the applicant's ability to protect that interest in the absence of intervention; and 4) inadequate representation of that interest by parties already before the court." *Jordan v. Michigan Conference of Teamsters Welfare Fund*, 207 F.3d 854, 862 (6th Cir.2000). Rule 24 is construed broadly in favor of the proposed intervenor. *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir.1991). Failure to prove any one of these factors mandates denial of the motion. *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). In this case, Movants only state they are an "aggrieved party" and conclude that that they "should be allowed to participate in the court proceedings." [DN 13]. They make no further attempt to show how they meet any of these four factors.

The Sixth Circuit subscribes to a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir.1999) (citing *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997)). It has instructed lower courts to construe the term "liberally." *Bradley v. Milliken*, 828 F.2d 1186, 1193 (6th Cir.1987). The Sixth Circuit has explained that "an intervenor need not have the same standing necessary to initiate a lawsuit." *Id.* (quoting *Miller*, 103 F.3d at 1245). Additionally, the Sixth Circuit has "cited with approval decisions of other courts 'reject[ing] the notion that Rule 24(a)(2) requires a specific legal or equitable interest.'" *Id.* (citations omitted). Still, this does not mean that "any articulated interest will do." *Coalition to Defend Afirmative Action v. Granholm*, 501 F.3d 775, 780 (6th Cir.2007) (citations omitted). Rather, would-be intervenors must show "a direct, significant legally protectable interest" as the subject matter of the litigation. *United States v.*

*Detroit Int'l. Bridge Co.*, 7 F.3d 497, 501 (6th Cir.1993); *United Fin. Cas. Ins. Co. v. Wells*, No. CIV.A. 5:11-397-KKC, 2012 WL 6004150, at *1 (E.D. Ky. Nov. 30, 2012).

In response to the Motions, Plaintiff cites to cases from within the Sixth Circuit holding that strangers to an insurance contract have no legal right to contend for or against coverage. *See, e.g., Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, No. 3:09-cv-347, 2010 WL 1416708, at *3 (W.D. Ky. Mar. 31, 2010); *Wells*, 2012 WL 6004150, at *2. Movants filed no reply and have cited no contrary authority. Since they have not shown any significant, legally protectible interest under Rule 24, they also cannot demonstrate impairment of their ability to protect any interest, or inadequate representation of any interest by parties already before the Court. Therefore, denial of the Motions is mandatory. *Michigan*, 424 F.3d at 443.

### RECOMMENDATION

For the foregoing reasons**,** it is **RECOMMENDED** that the Motions, [DNs 12, 13], be **DENIED**.

### NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

October 3, 2025

**Lanny King, Magistrate Judge**
**United States District Court**

C. Counsel