**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**Case No. 5:25-cv-00087-BJB-LLK**

| | |
|---|---|
| **SHELTER MUTUAL INSURANCE COMPANY,** | **PLAINTIFF** |
| **v.** | |
| **COURTNEY AMACHER, *et al*,** | **DEFENDANTS** |

MEMORANDUM OPINION AND ORDER

This matter has been referred to Magistrate Judge Lanny King for hearing and determining all pretrial matters. [DN 7]. Before the Court is a Motion to Seal, Motion [DN 19], filed by Defendant Chelsea Purcell. For the reasons that follow, the Motion is **GRANTED** in part and **DENIED** in part. Within thirty (30) days, counsel for Defendant Purcell shall file either a motion seeking leave to file a redacted version of the Death Certificate at DN 17-1 or a motion to strike the exhibit from the record.

I. BACKGROUND

This case involves a declaratory judgment action brought by Plaintiff Shelter Mutual Insurance Company, asking the court to find that it has no duty to defend or indemnify Defendants in connection with actions pending in state court. Complaint [DN 1] at 1. The state court cases involve the drowning of two-year old Harrison "Cole" Purcell in the summer of 2024, in Defendant Courtney Amacher's pool. *Id.* ¶¶ 11, 13. Defendants filed an Objection to a Report and Recommendation, DN 17, which included a Death Certificate as an exhibit, DN 17-1. Subsequently, a Text Order at DN 18 was entered, pursuant to this District's Personal Identifiers

Policy,[1] notifying counsel that Exhibit DN 17-1 ("Death Certificate") contained personal data

identifiers:

> The Defendant Chelsea Purcell filed a document (DN 17 -1) containing personal data identifiers that should be redacted under Fed. R. Civ. P. 5.2. The Court directs the Clerk to restrict electronic access to the document so only Court users and participants may view it. The Court further orders the Defendant to file a motion to seal the document or a motion seeking leave to file a redacted version of the entire document (since the Clerk cannot replace individual pages within documents) along with a copy of the redacted version within 7 days of the entry of this order, which the Clerk may substitute for the previously filed documents if the Court grants the motion.

Text Order at DN 18.

Having been given the options of either moving to seal the document or seeking leave to file a

redacted document, Defendant Purcell promptly filed a Motion to Seal "the Objection pleading

filed on October 15, 2025, as it includes personal data identifiers of an interested party." Motion

at 1. Pursuant to the Court's Personal Identifiers Policy, access to the Death Certificate at issue is

currently restricted to court users and case participants until the Court rules on the present Motion.

## II. APPLICABLE RULES AND LAW

This case illustrates the interplay between Sixth Circuit case law, the Federal Rules of Civil

Procedure, the Joint Local Rules of Civil Practice for the Eastern and Western Districts of

Kentucky, and the Western District of Kentucky Personal Identifier Policies and Procedures. In

applying the Western District of Kentucky policy on personal identifiers at DN 18, the Clerk

referenced Fed. R. Civ. P. 5.2 which addresses Privacy Protection for Filings Made with the Court

and describes the methods available for filing either redacted or sealed documents into the record.

---

[1] The Personal Identifiers Policies and Procedures provides in pertinent part: Pursuant to Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1, and the policy of the Judicial Conference of the United States, parties and non-parties are required to refrain from including, or **shall partially redact** where inclusion is necessary, the following personal data identifiers from all documents filed with the Court: MINORS' NAMES (Only the minors' initials may be identified); SOCIAL SECURITY NUMBERS (Only the last four numbers may be identified); DATES OF BIRTH (Only the year of birth may be identified); FINANCIAL ACCOUNT NUMBERS (Only the last four numbers of the account number may be identified); and HOME ADDRESSES-Criminal Case: (Only the City and state may be identified). (Emphasis added.)

Joint Local Rule of Civil Practice LR 5.6 governs the process for Filing Documents Under Seal in this district and notes both the presumption of public access and the specific authority required when seeking leave to file documents under seal:

> (c) **Specific Authority or Motion Required; Protective Orders**. Absent a federal statute or federal rule of procedure, local rule, or standing order of this court, a party seeking to file a sealed document must electronically file a motion for leave to seal. The motion must state why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure. Reference to a stipulation that allows a party to designate certain documents as confidential is not sufficient grounds to establish that a document, or portions thereof, warrants filing under seal.

Joint Local Rule 5.6(c).

The rules and procedures outlined above operate subject to a controlling Sixth Circuit mandate that "[o]nly the most compelling of reasons can justify" sealing documents and "the seal must be narrowly tailored to serve that reason." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 307 (6th Cir. 2016). The Sixth Circuit recently noted, "[t]he federal courts do their business in public—which means the public is presumptively entitled to review every document that a party files with the court for purposes of influencing a judicial decision." *Grae v. Corrections. Corp. of America*, No. 24-5839, 2025 WL 1132413, at *1 (6th Cir. Apr. 17, 2025). The Sixth Circuit in *Grae* emphasized that seals must be narrowly tailored, noting, "the burden of 'demonstrat[ing]—on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal' is first borne by the party that seeks it, not by the district court." *Id*. at 5 (quoting *Shane Group,* 825 F.3d at 308).

This Court, in applying the Personal Identifiers Policies and Procedures of this District, the federal and local rules, and relevant Sixth Circuit and district cases, must balance the data and online privacy concerns of individuals with the public's "strong interest" in having access to the information upon which courts rely in making decisions at the adjudicative stage. *Shane* at 305. In

3

this instance, the only information in the documents that should be shielded from public view are the personal identifiers. Redaction—rather than sealing the entire document—is appropriate in this instance. Accordingly,

**IT IS ORDERED** that the Court **GRANTS** the Motion to Seal the Death Certificate as currently filed at DN 17-1 for thirty (30) days from the entry of this Order. Before thirty (30) days expires, counsel shall file either:

1) a motion seeking leave to file a redacted version of the Death Certificate at DN 17-1; or

2) a motion to strike the exhibit from the record.

April 10, 2026

**Lanny King, Magistrate Judge**
**United States District Court**

C: Counsel

4